**Otis SIMS et al., Plaintiffs-Appellants,**

v.

**MERCY HOSPITAL OF MONROE,**
**Defendant-Appellee.**

No. 71–1179.

United States Court of Appeals,
Sixth Circuit.

Nov. 26, 1971.

Larry D. Vande Vrede, Harper Woods, Mich., L. Edwin Wenger, Harper Woods, Mich., on brief; James W. Lavigne, Harper Woods, Mich., of counsel, for appellant.

John J. Lynch, Detroit, Mich., Garan, Lucow & Miller, by David J. Cooper, Detroit, Mich., on brief, for appellee.

Before WEICK, McCREE and KENT, Circuit Judges.

PER CURIAM.

The plaintiffs, residents of Michigan, were involved in an automobile accident near Monroe, Michigan, on May 18, 1969. They were taken to the defendant hospital, located in Monroe, Michigan, where they received first aid and were then sent home. Subsequently, and after further examination at another hospital, they were hospitalized for injuries received in the automobile accident. The plaintiffs, all of whom are Negroes, filed the present action alleging that the defendant hospital refused hospitalization solely because of the race of the plaintiffs.

In the complaint it was alleged that "the defendant breached the plaintiffs' rights to be free from discrimination in public accommodations in violation of 42 U.S.C.A. § 2000a." The complaint asserts that jurisdiction is conferred upon the District Court by 42 U.S.C.A. § 2000a–6. At a hearing on the defendant's motion to dismiss the trial judge elicited from plaintiffs' counsel the statement that the basis for jurisdiction was the claim that the hospital was subject to the Act because it provided "lodging" within the meaning of 42 U.S.C.A. § 2000a(b) (1).

Plaintiffs now claim that the district court had jurisdiction under the provisions of Title 42 U.S.C.A. §§ 2000a(b) (2) and (b) (4), within the meaning of the decision of the United States District Court for the District of South Carolina in United States of America v. Medical Society of South Carolina, 298 F.Supp. 145. Cf. Rogers v. Provident Hospital, (D.C.Ill., 1965) 241 F.Supp. 633. The defendant's motion was filed under Rule 12(b) (6) Rules of Civil Procedure, 28 U.S.C.A., on the theory that the complaint did not set forth facts upon which relief could be granted.

It was on this theory that the motion was granted.

■ We are not in accord with the action of the District Judge in this re-spect. A motion under Rule 12(b) (6) is directed solely to the complaint itself and if matters outside the complaint are considered by the court then, under the rules, the motion must be considered as a motion for a summary judgment under Rule 56, Rules of Civil Procedure.

■■ In the complaint plaintiffs allege that the defendant breached a duty under Title 42, U.S.C.A. § 2000a, and do not make reference to any specific sub-paragraph. The complaint therefore could have been considered under any of the sub-paragraphs under the statute cited, and if the trial judge intended to go outside the complaint he should have treated the motion under Rule 56, according to Rule 12(b). If a motion is so considered then "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." This was not done.

■ Plaintiffs' complaint was subject to attack on another ground however, plaintiffs' counsel did not comply with the provisions of Rule 8, Rules of Civil Procedure, which requires, "[a] pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." In the plaintiffs' complaint no facts are alleged which would confer upon the district court any jurisdiction to consider the plaintiffs' claims. No facts are alleged to even suggest that the defendant is subject to the legislation in question, except as one may perhaps draw an inference from the claim that the defendant breached a duty. We do not consider this as an allegation of fact which would be sufficient to confer jurisdiction under the Act in question.

Nothing in the briefs of the parties suggests that any prejudice would have been worked upon the defendant by permitting the plaintiffs to amend their pleadings despite the passage of time between the original filing of the action and the time of the hearing on the motion to dismiss. Rule 15, Rules of Civil Procedure provides in part: "And leave [to amend] shall be freely given when justice so requires."

To relegate the plaintiffs to their rights in the state courts would bar any recovery for any alleged malpractice. Michigan Statutes Annotated, § 27A.-5805, M.C.L.A. § 600.5805, provides for a two-year limitation on actions for malpractice.

Nothing contained in this opinion is intended or should be considered as suggesting that the statute in question does or does not provide to the plaintiffs a remedy for money damages, and we do not intend by this decision to suggest any opinion in regard to the plaintiffs' rights to recover on the facts alleged. These are issues which were not considered by the trial court and probably will arise upon remand.

The decision of the district judge is reversed, the case is remanded to the district court for further proceedings not inconsistent with this opinion and with permission to the plaintiffs to file a motion for leave to amend within 30 days after the filing of the mandate of this Court.