791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN HATHORN; LAWRENCE J. BOWMAN; MIKE PARISI; CARL BANKS;
AND NORMAN FLICK, ET AL., Plaintiffs
PAUL E. KANE, Plaintiff-Appellant
v.
ROSS M. CREVISTON; CYNTHIA STOWELL, Defendants-Appellees.
 84-1688
 United States Court of Appeals, Sixth Circuit.
 4/21/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: KRUPANSKY and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellants are appealing the dismissal of their civil rights action pursuant to 28 U.S.C. Sec. 1915(d). They were inmates at the federal correctional institute at Milan, Michigan when this action was filed. In their 42 U.S.C. Sec. 1983 complaint, the appellants allege that the appellees have violated their constitutional rights. Specifically, they contend that Ross Creviston improperly interpreted statutory law in an affidavit, acted to cause several appellants to serve longer sentences, committed perjury and acted with Cynthia Stowell in violating the Interstate Agreement on Detainers Act. The appellants also requested that the case be certified as a class action. Although the complaint does not state in what capacity appellees are employed at the prison, it has become clear through reading the respective briefs that the appellees are in charge of the records section at the federal prison. The appellants requested injunctive and declaratory relief along with damages in excess of $100,000,000.
 
 
 3
 The district court held that the complaint was insufficient on its face, and that instead of arising under 42 U.S.C. Sec. 1983, the case arose under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because the defendants are federal employees. The court also held that the Bivens action was improper where several allegations in the complaint challenged the length of the sentences. The court stated these claims could only be asserted in a habeas corpus action. Finally, class certification was denied and the case was dismissed without prejudice.
 
 
 4
 While the facts alleged in the complaint are too sketchy for an in-depth analysis, the appellants appear to assert four different deprivations of right occurring at what appears to be different times. The claims are too divergent with respect to their legal and factual bases to be considered in a class context. One prerequisite for maintaining a class action is that there must be questions of law or fact common to the class. Under the circumstances of this case, the district court did not abuse its discretion in denying certification. See Darms v. McCullouch Oil Corp., 720 F.2d 490 (8th Cir. 1983).
 
 
 5
 Although the district court has broad discretion to dismiss a complaint as frivolous under Sec. 1915(d), this Court must independently examine the complaint to determine whether it is frivolous; pro se complaints are to be liberally construed in favor of the plaintiff. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). 'An action is frivolous under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.' Id. at 261. The court in Malone stated that the standard for dismissal under Sec. 1915(d) is identical to that of Rule 12(b)(6), Federal Rules of Civil Procedure. In reviewing a motion for dismissal under Rule 12(b)(6), the court may consider only the facts and allegations set forth in the complaint and must view them in a light most favorable to the plaintiff. Sims v. Mercy Hospital of Monroe, 451 F.2d 171 (6th Cir. 1971).
 
 
 6
 Since the appellants were suing federal employees, the district court was correct in characterizing this case as a Bivens, supra action. To allege a cause of action under Sec. 1983, one must set forth a cognizable constitutional or federal claim. Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976). It would seem the same requirement applies to a Bivens type action. See Butz v. Economu, 438 U.S. 478, 504 (1978). Some particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action. See Cohen v. Illinois Institute of Technology, 581 F.2d 658, 653 (7th Cir. 1978); Rodes v. Municipal Authority of Borough of Milford, 409 F.2d 16 (3rd Cir.) cert. denied, 396 U.S. 861 (1969).
 
 
 7
 Even liberally construing the complaint, the appellants have not set forth enough supporting facts to outline the elements of their claims. For example, Kane does not mention the specific statutory law 'interpreted' by Creviston, what type of action in which the affidavit was filed, or how he was prejudiced by Creviston's actions. Likewise, appellant Flick makes the broad statement that he has a cause of action. Parisi alleges that appellee Creviston has committed perjury; he neither stated under what circumstances this occurred nor what facts were misrepresented. Furthermore, Bowman does not support his claim that Creviston is 'attempting' to lengthen his sentence; he does not set forth the context within which this alleged misbehavior occurred. Appellant Banks simply alleges that Creviston refused to credit his sentence. No facts are alleged to establish a right to a credit. Finally, appellant Hathorn's claim concerning the Interstate Agreement on Detainer Act and a speedy trial contention is as nebulous as the other claims. There are no facts alleged which would show delay or prejudice. Consequently, the district court correctly dismissed this action without prejudice.
 
 
 8
 Accordingly, it is ORDERED that the Judgment of the district court be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.