793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT S. MOORE, Plaintiff-Appellant
v.
BILL CAIN, BOB SANDS AND MIKE BOTTOMS, Defendants-Appellees.
 84-6029
 United States Court of Appeals, Sixth Circuit.
 5/7/86
 
 AFFIRMED
 M.D.Tenn.
 ORDER
 BEFORE: ENGEL, CONTIE and RYAN, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Robert S. Moore is appealing the district court's dismissal of his civil rights action as frivolous under 28 U.S.C. Sec. 1915(d). The appellant is serving a life sentence in a Tennessee state prison for a first degree murder conviction. He is suing his criminal defense attorney, Cain, the prosecuting attorney, Sands, and the district attorney general, Bottoms. His complaint states that these individuals conspired to deprive him of his rights. Specifically, he contends that during his criminal trial Cain relied totally on the prosecutor's investigation instead of conducting his own investigation. Moore further contends that Cain did not abide by the American Bar Association code of ethics. In his prayer for relief, the appellant requested termination of his sentence, return of the money he had paid to Cain for legal representation, a restraining order, and $500,000.00 in damages.
 
 
 3
 Regarding dismissal pursuant to Sec. 1915(d), although the district court has broad discretion to dismiss a complaint as frivolous under Sec. 1915(d), this Court must independently examine the complaint to determine whether it is frivolous; pro se complaints are to be liberally construed in favor of the plaintiff. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). An action is frivolous under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Id. at 261. The Court in Malone stated that the standard for dismissal under Sec. 1915(d) is identical to that of Rule 12(b)(6), F.R.Civ.P. In reviewing a motion for dismissal under Rule 12(b)(6), the Court may consider only the facts and allegations set forth in the complaint and must view them in a light most favorable to the plaintiff. Sims v. Mercy Hospital of Monroe, 451 F.2d 171 (6th Cir. 1971).
 
 
 4
 To allege a cause of action under Sec. 1983, one must set forth a cognizable constitutional or federal claim. Some particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action. See Cohen v. Illinois Institute of Technology, 581 F.2d 658, 663 (7th Cir. 1978), cert. denied, 439 U.S. 1135 (1979); Rodes v. Municipal Authority of Borough of Milford, 409 F.2d 16 (3rd Cir.), cert. denied, 396 U.S. 861 (1969). In the context of conspiracy actions, allegations of conspiracy will not state a cause of action where the claims are not supported with reference to material facts; a complaint must provide insight into the specific nature of the alleged concerted action. Slotnick v. Staviskey, 560 F.2d 31 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978).
 
 
 5
 The district court was correct in holding that the appellant's complaint does not allege sufficient facts. Moore fails to allege how his attorney's failure to investigate prejudiced his case. Further, he does not specify the ethical rule allegedly broken by his attorney. He simply makes the conclusory allegation that his constitutional rights were violated by the failure to investigate. There is no factual allegation indicating an agreement between the parties with the illicit purpose to wrongfully convict the appellant or in any other way violate his rights.
 
 
 6
 In addition, it appears the appellant's primary purpose in this suit is to be released from custody. He has essentially set forth an ineffective assistance of counsel claim and requests termination of his sentence. The district court was correct in holding that this aspect of the appellant's action is barred by Preiser v. Rodriquez, 411 U.S. 475 (1973).
 
 
 7
 Accordingly, it is ORDERED that the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.