Frank J. KELLEY, Attorney General of the State of Michigan, ex rel., MICHIGAN NATURAL RESOURCES COMMISSION, Michigan Water Resources Commission, and Gordon E. Guyer, Director of the Michigan Department of Natural Resources, Plaintiffs,

v.

ARCO INDUSTRIES CORPORATION, Frederick C. Matthaei, Jr., and Robert P. Ferguson, Defendants.

No. K87–372–CA4.

United States District Court, W.D. Michigan.

Feb. 9, 1989.

---

Frank J. Kelley, Atty. Gen. by Stanley F. Pruss, Asst. Atty. Gen., Environmental Protection Div., Lansing, Mich., for plaintiffs.

Varnum, Riddering, Schmidt & Howlet by Charles M. Denton, Grand Rapids, Mich., for Frederick C. Matthaei, Jr.

Honigman, Miller, Schwartz & Cohn by Jay E. Brant, Detroit, Mich., and Butler, Durham & Svikis by Sidney D. Durham, Parchment, Mich., for Arco Industries Corp.

Miller, Johnson, Snell & Cummiskey by Jon R. Muth, Grand Rapids, Mich., for Robert P. Ferguson.

Warner, Norcross & Judd by Douglas Wagner, Grand Rapids, Mich., for E.I. DuPont De Nemours and Co.

Early, Lennon, Fox, Thompson, Peters & Crocker by Gordon C. Miller and J. Richardson Johnson, Kalamazoo, Mich. and Quarles & Brady by Arthur A. Vogel, Jr., James F. Boyle and James Brody, Milwaukee, Wis., for Northwest Coatings Corp.

Miller, Canfield, Paddock and Stone by Robert VandeLaan, Grand Rapids, Mich., Goodwin, Proctor & Hoar by Paul F. Ware, Jr., Jeffrey Bates and Barbara Gruenthal, Boston, Mass. and Zarbock & Ford by James B. Ford, Kalamazoo, Mich., for Gen. Latex and Chemical Corp.

Landman, Latimer, Clink & Robb by Steven C. Kohl, Muskegon, Mich., for Drake's Fuel Service.

Gemrich, Moser, Bowser, Fette & Lohrmann by Alfred Gemrich, Kalamazoo, Mich., for Quality Films and Bar–Mo Metalcrafters.

Ford & Kriekard by Robert A. Soltis, Kalamazoo, Mich. and Linsey, Strain & Worsfold by Donald Worsfold, Grand Rapids, Mich., for Village of Schoolcraft.

Clary, Nantz, Wood, Hoffius by Mark R. Smith and Smith, Haughey, Rice & Roegge by Gary A. Rowe, Grand Rapids, Mich., for Grand Rapids Sash & Door.

Clark, Klein & Beaumont by Grant R. Trigger, Detroit, Mich., for Weiss Trucking Co.

Clark, Klein & Beaumont by Laurence Scoville, Detroit, Mich., for G–H Holdings of Detroit.

Touma, Watson, Nicholson, Whaling, Fletcher & Degrow by Gary A. Fletcher, Port Huron, Mich., for John A. Biewer Co.

## OPINION

ENSLEN, District Judge.

This case is before the Court on defendants' motion to dismiss under Rule

12(b)(6) or in the alternative for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendants Frederick Matthaei, Jr. and Robert Ferguson ("defendants") are allegedly liable for environmental contamination as a result of conduct related to their positions as shareholders or officers and directors of defendant Arco Industries Corporation. Plaintiffs in this action are Frank J. Kelley, Attorney General of the State of Michigan, Michigan Natural Resources Commission, Michigan Water Resources Commission, and Gordon E. Guyer, Director of the Michigan Department of Natural Resources. As a matter of law, defendants argue, there is an insufficient basis upon which to impose individual liability upon defendants Matthaei and Ferguson under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") or under the other state law claims.

## Background

Plaintiffs filed the underlying complaint on October 14, 1987. The complaint alleged that defendants have caused the release of hazardous substances, including carcinogens into the environment through a variety of means, both known and unknown (Complaint, ¶¶ 33–37). Plaintiffs have alleged that defendant Matthaei is the controlling stockholder and Chairman of the Board of Directors of co-defendant Arco Industries Corporation and that in this capacity, defendant Matthaei had the overall responsibility for the operation and management of the ARCO plant (Complaint, ¶ 11). Plaintiffs have also alleged that defendant Ferguson, as President and a shareholder of Arco, directly oversaw the daily management and operation of the plant (Complaint at ¶ 12).

On July 18, 1988, plaintiffs noticed the depositions of defendant Ferguson for August 29, 1988, and defendant Matthaei for September 8, 1988. On August 22, 1988, counsel for plaintiffs sought to confirm the time and place of the deposition of Ferguson. At that time, counsel was informed that defendants planned to seek a protective order from this Court.

On August 24, 1988, counsel for plaintiffs received defendants Matthaei and Ferguson's motion and brief for a protective order. The basis for seeking the protective order was a "motion to dismiss" which had not yet been filed. This motion for a protective order is pending. To date, plaintiffs have been unable to depose either Ferguson or Matthaei.[1]

## Standard

Rule 12(b)(6) Motion to Dismiss.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Elliot Co., Inc. v. Caribbean Util. Co.*, 513 F.2d 1176 (6th Cir.1975). Technically, of course, the 12(b)(6) motion does not attack the merits of the case—it merely challenges the pleader's failure to state a claim properly. 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1364, at 340 (Supp.1987). In deciding a 12(b)(6) motion, the court must determine whether plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983); *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1034–35 (6th Cir.1979); *Davis v. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176 (6th Cir.1975).

The complaint must in essence set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist. *Jenkins*

---

1. Plaintiffs charge that the defendants' joint motions and refusal to allow discovery are based on improper motives. In essence, plaintiffs suggest that defendants want to block proper discovery and have the Court prematurely dispose of the claim on a summary judgment motion. In plaintiffs' words:

[Defendants] contend that the discovery thus far proves conclusively that Matthaei and Ferguson are not liable but seek to prevent plaintiffs from discovering facts which only the movants know at this time.

Plaintiffs' Brief in Response, at 8 (Sept. 29, 1988). *See also id.* at 6–7.

*v. McKeithan,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *German v. Killeen,* 495 F.Supp. 822, 827 (E.D.Mich.1980). Conclusory allegations are not acceptable, however, where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves. *Vermilion Foam Products Co. v. General Electric Co.,* 386 F.Supp. 255 (E.D.Mich. 1974). The court cannot dismiss plaintiff's complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

*Rule 56 Motion for Summary Judgment.*

In considering a motion for summary judgment, the narrow questions presented to this Court are whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." F.R.Civ. Proc. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.,* 668 F.2d 905, 908 (6th Cir.1982).

The moving party has a right to summary judgment where that party is able to demonstrate, prior to trial, that the claims of the plaintiff have no factual basis. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As the Supreme Court held in *Celotex,* "... the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* 477 U.S. at 322, 106 S.Ct. at 2250, 91 L.Ed.2d at 273. Moreover, the Court must read the allegations of the complaint in the light most favorable to the non-moving party, *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983).

The standard for granting a motion for summary judgment is essentially the same as that for granting a motion for a directed verdict. "The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party is not entitled to summary judgment where there is sufficient evidence to allow a reasonable jury to return a verdict for the non-moving party. *Id.* 477 U.S. at 247–249, 106 S.Ct. at 2509–10, 91 L.Ed.2d at 211–12. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* 477 U.S. at 255–256, 106 S.Ct. at 2513–14, 91 L.Ed.2d at 216.

*Discussion*

Defendants make the following objections in support of dismissal of the complaint against defendants Matthaei and Ferguson. The only specific allegation in plaintiffs' complaint as to defendant Matthaei is at paragraph 11, which sets forth his relationship to defendant Arco as a shareholder and Chairman of the Board. Plaintiffs allege that: "In his capacity as Chairman, Matthaei had overall responsibility for operation and management of the facility and derived personal financial gain from such operations." Defendant Matthaei, in response to paragraph 11 of the complaint, admits his residency in Oakland County, Michigan, and that his business office is in Bloomfield Hills, Michigan, and that he is a shareholder and Chairman of the Board of co-defendant Arco. Defendant Matthaei also asserted that plaintiffs' allegations fail to state a valid claim for relief as he had no responsibility for the day-to-day operations or management of defendant Arco, nor was he personally involved in the corporation's waste management activities at issue. Finally, defendant Matthaei answered that he has received no dividends as a shareholder of defendant Arco and denied receiving any improper compensation or undue personal benefit from the corporation. Matthaei's Answer ¶ 11, at 2 (Nov. 18, 1987).

Likewise, defendants argue that only paragraph 12 of the complaint contains any specific allegations with respect to defendant Ferguson. Paragraph 12 alleges that Ferguson is a resident of Kalamazoo County, Michigan, that he has been the President and a shareholder of defendant Arco for some time, and that he "directly oversees the operation and management of the facility and derived personal financial gain from such operations." Defendant Ferguson responded to these allegations in his Answer filed on November 17, 1987. Ferguson admitted that he was a resident of Kalamazoo County, and that he is currently the President and a shareholder of defendant Arco. Further, Ferguson admitted that as President he had certain responsibilities for managing Arco's facility. However, Ferguson's affirmative defenses indicate that he was not an owner or operator of the Arco facility, that he did not directly participate in or exercise ultimate authority over the disposal of any hazardous substance, and that he committed no act or omission that led to any pollution of the groundwaters of the State of Michigan. Ferguson's Answer ¶ 12, at 3, 13–14 (Nov. 17, 1987). In sum, defendants make this request to dismiss the complaint or enter summary judgment in their favor because the result of the complaint fails to allege with specificity that either defendant Matthaei or Ferguson personally engaged in any tortious conduct causing the environmental contamination at issue. Instead, defendants assert the complaint "vaguely, ambiguously and improperly makes allegations to 'defendants' collectively."

In response, plaintiffs claim that:

[t]he impropriety and disingenuity of Matthaei and Ferguson in these motions are clearly apparent. Movants first brought a motion for a protective order which seeks to prevent the deposition of Ferguson and Matthaei and which was then predicated on a future motion to dismiss. Because a Rule 12(b)(6) motion is based upon and concerns the legal adequacy of the pleadings alone, a pending motion to dismiss might, *arguably*, in the interest of economy, provide a basis to stay discovery pending its disposi-

tion.... Movants then brought their Joint Motion to Dismiss or in the Alternative for Summary Judgment. This second motion also states on its face that it relies on extraneous matters outside the pleadings. The movants' entire brief then seeks to distinguish facts upon which corporate officers were found liable under CERCLA in corporate officer liability cases from the facts in this cause. Movants even have the audacity to distinguish evidentiary facts *that were developed in the deposition testimony of the corporate officers in those cases* from the known facts in this case—while unabashedly seeking to circumvent discovery of the officer defendants in this case.

Plaintiffs' Brief in Response, at 6–7 (Sept. 29, 1988) (emphasis in original).

Before this Court can analyze the merits of either a motion to dismiss or one for summary judgment, I must first decide which is the proper motion in this procedural context. The final sentence of Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to be converted into a motion for summary judgment whenever matters outside the pleading are presented to and not excluded by the court. Fed.R. Civ.P. 12(b). The court has discretion to accept or not material beyond the pleadings which has been submitted in conjunction with a Rule 12(b)(6) motion. Advisory Note to 1946 Amendment, Rule 12(b); 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1366, at 344 n. 64 (Supp.1987). *See also, e.g., Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir.1982). The Sixth Circuit, as well as numerous other Circuits, has held that it is reversible error to consider matters outside the complaint on a motion to dismiss for failure to state a claim. *Sims v. Mercy Hospital*, 451 F.2d 171 (6th Cir.1971).

■ Where there is a real dispute as to whether discovery is complete, it would be imprudent to consider the extra-pleading material and decide this as a motion for

summary judgment.[2] The Court believes there is an issue as to whether a 12(b)(6) motion should be granted and will for this, and the aforementioned reasons, treat this motion as a motion to dismiss under 12(b)(6).

■ I believe that plaintiffs' complaint does state a claim upon which relief may be granted.[3] Plaintiffs properly plead that defendants Matthaei and Ferguson are liable for response costs under CERCLA as owners and operators of co-defendant Arco. Section 107(a)(1) of CERCLA imposes liability on present owners or operators of facilities. The language of this statute unambiguously makes any person owning or operating a facility releasing hazardous substances liable for the response costs resulting from such releases. Likewise, under section 107(a)(2), any person who owned or operated a facility at the time of disposal is liable for the response costs incurred at the facility.

Liability under section 107(a) requires the incurrence of response costs by the State due to the release or threatened release of hazardous substances at a facility. Under CERCLA § 101(25), "response" means "remove, removal, remedy and remedial action." It includes all enforcement activities relating to removals. "Remove" or "removal" means the cleanup or removal of released hazardous substances from the environment. CERCLA § 101(23). The parties do not dispute that the State has taken response actions and incurred response costs at the Arco plant site.

Finally, the case law suggests that corporate officers can be held liable under CERCLA for unlawful disposal of hazardous waste. See, e.g., United States v. Northeastern Pharm. & Chem. Co., 810 F.2d 726 (8th Cir.1986); New York v. Shore Realty, 759 F.2d 1032 (2d Cir.1985); United States v. Northernaire Plating, 670 F.Supp. 742 (W.D.Mich.1987); United States v. Conservation Chemical, 628 F.Supp. 391 (W.D.Mo.1985); United States v. Ward, 618 F.Supp. 884 (E.D.N.C.1985). The decisions that concern "owners or operators" under Section 107(a)(1) base liability decisions on the individual officer's knowledge, responsibility, opportunity, control, and involvement in the disposal process. See, e.g., New York v. Shore Realty, 759 F.2d 1032 (principal officer/shareholder held liable as "operator" where corporation knowingly purchased contaminated property but did not unlawfully dispose of hazardous waste); United States v. Northernaire Plating, 670 F.Supp. 742 (president and sole shareholder held liable as "operator" where individual had responsibility and active role in purchasing, storing, transport-

---

2. The Court senses a certain push from defendants to decide this case at this time under a motion for summary judgment. Though the motions are presented in the alternative, there is relatively little discussion of the 12(b)(6) standard in the defendants' briefs, and in their reply brief, defendants do not even address the issue raised by plaintiffs as to the propriety of a motion to dismiss versus a motion for summary judgment. Of course, even if I decided to treat this as a summary judgment motion, the parties would have been given notice of the changed status and reasonable time to present material pertinent to a summary judgment motion.

3. Both defendants and plaintiffs concentrate their arguments on the sufficiency of the federal CERCLA claim (Count I). The Court will do so as well, but observes no reason that the general allegations, complaint ¶¶ 1, 11, 12, read with the following specific allegations are insufficient to state a claim in Counts II–VIII.

Count II (Michigan Water Resources Comm. Act)—Defendants' "improper handling, storage and disposal of hazardous and toxic substances ... has polluted ... the groundwaters of the state." ¶ 49.

Count III (Michigan Envir. Protection Act)—Defendants' "acts or omissions" have polluted the natural resources of the state. ¶ 58.

Count IV (Nuisance)—Defendants "proximately caused or contributed to the creation of a public nuisance." ¶ 63.

Count V (Negligence)—Defendants "owed a duty of care to the people" of Michigan, ¶ 67; Defendants "acts or omissions ... breached their duty of due care." ¶ 68.

Count VI (Strict Liability)—Defendants "acts or omissions" constitute abnormally dangerous activity. ¶ 75.

Count VII (Unjust Enrichment)—Defendants were "unjustly enriched." ¶ 78.

Count VIII (Hazardous Waste Mgmt. Act)—Defendants "conducted, managed, maintained, or operated or permitted the conduct, management or maintenance of a disposal facility at the site." ¶ 84.

ing, and disposing of chemicals and chemical wastes); *United States v. Conservation Chemical*, 628 F.Supp. 391 (corporate president and majority shareholder liable as "owner and operator" due to responsibility, knowledge and involvement with day to day activities although he spent one-half or less of his working time at plant).

The plaintiffs have stated a perfectly adequate CERCLA claim with regard to defendants Matthaei and Ferguson. Where the Court, as it must, accepts all plaintiffs' allegations as true and construes them in the light most favorable to plaintiff, the Court sees the elements of the CERCLA claim involving liability for corporate officers. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Jenkins v. McKeithan*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Windsor v. Tennessean*, 719 F.2d 155 (6th Cir.1983). Plaintiffs have averred that defendants "own" and "operate" the site, and have improperly "stored," "handled," and/or "disposed" of hazardous materials. Complaint ¶ 1. According to plaintiffs, defendant Matthaei had "overall responsibility for operation and management" of the site and the defendant Ferguson "directly oversees the operation and management of the plant." Complaint ¶¶ 11, 12. Since knowledge, responsibility, opportunity, control, and involvement are factors to be considered, if plaintiffs can prove what they allege, the law supports a claim for liability against defendants.

Therefore, for all the foregoing reasons, I will deny defendants' motion to dismiss.