David L. STONE, and Emory Hyatt,
Jr., et al., Plaintiffs-Appellees,

v.

Charles EGELER, Deputy Warden, State
Prison, Jackson, et al., Respondents-
Appellants.

No. 74-1256.

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 1974.

Frank J. Kelley, Atty. Gen. of Mich.,
Robert A. Derengoski, Terrence P.
Grady, Keith D. Roberts, Asst. Atty.
Gen., James R. Stegman, Lansing, Mich.,
for respondents-appellants.

William Easton, Upper Peninsula Le-
gal Services Inc., Marquette, Mich., for
plaintiffs-appellees.

Before EDWARDS, McCREE and
LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from injunctive re-
lief granted against officers of the
correction system of the State of Michi-
gan as a result of a suit brought by two
prisoners under 42 U.S.C. § 1983 (1970).
The prisoners had been suspected of
being involved in illicit drug traffic at
Jackson penitentiary in Michigan and as
a result were transferred to Michigan's
maximum security prison at Marquette.
No hearing was held on the charges nor
were they resolved by the Department of
Corrections. Judge Fox, after a full
hearing, held that the transfers were
disciplinary in nature and occasioned
"serious and substantial deprivations"
and that failure to grant a hearing rep-
resented a violation of federal due proc-
ess. He entered an order enjoining such
transfers absent a minimal due process
hearing. He relied on Gomes v. Travi-

sono, 353 F.Supp. 457 (D.R.I.1973), which case was subsequently affirmed in part and reversed in part by the First Circuit, 490 F.2d 1209 (1st Cir. 1973).

Gomes v. Travisono has now been reversed and remanded by the United States Supreme Court for reconsideration in the light of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *See* Travisono v. Gomes, 418 U.S. 909, 94 S.Ct. 3200, 41 L.Ed.2d 1155 (1974).

█ Since *Wolff* is now the definitive standard for prison disciplinary cases, there is a temptation simply to reverse and remand this case for reconsideration in the light of *Wolff*. Our reading of Judge Fox's opinion, however, convinces us that his finding that these transfers were disciplinary and resulted in substantial deprivations was correct and that the minimal hearing standards he required were wholly in accord with those of *Wolff*.

█ Although the issue was not presented below, we have examined the question of whether or not the District Court and this court had and has jurisdiction. *See* Sands v. Wainwright, 491 F.2d 417 (5th Cir. 1973). As to this issue we can find no indication in this case of any attack upon a statute of the State of Michigan or upon any regulation adopted by the Department of Correction. We believe the District Court had jurisdiction and that this court has also. *See* Ault v. Holmes, 506 F.2d 288 (6th Cir. 1974).

█ We are, however, puzzled by the peremptory order contained in the last sentence of Judge Fox's Opinion and Order that petitioner "be immediately released and discharged from further custody." No such relief appears to have been sought in the complaint which made no attack at all upon the sentences, nor does the District Judge state any reason for the action. It may, of course, be that the District Judge was acting in awareness that appellees had completed service of their sentences as required by law, but if so, we cannot

presume that the Department of Correction would fail to discharge them.

The order stated or implied in the last sentence of the District Court's Opinion and Order of December 18, 1973, is vacated and the judgment of the District Court is affirmed as modified.