Donald E. AULT, Individually, and on behalf of all others similarly situated, Plaintiff-Appellee,

v.

Charles J. HOLMES, Individually and in his official capacity as Commissioner of the Department of Corrections of the Commonwealth of Kentucky, et al., Defendants-Appellants.

John Brenton PRESTON, Plaintiff-Appellee,

v.

Henry E. COWAN, Warden Kentucky State Penitentiary, et al., Defendants-Appellants.

Nos. 73–2049 and 73–2208.

United States Court of Appeals, Sixth Circuit.

Nov. 15, 1974.

Ed W. Hancock, Atty. Gen. of Kentucky, Kenneth A. Howe, Jr., Bruce K. Davis, Legal Counsel, Bureau of Corrections, Dept. of Justice, Frankfort, Ky., for defendants-appellants in No. 73–2049.

Robert Plotkin, N.L.A.D.A., Washington, D.C., Robert E. Delahanty, Elizabeth M. Freedman, Louisville, Ky., Allen M. Ressler, Legal Aid and Defender Society, Kansas City, Mo., for plaintiff-appellee in No. 73–2049.

Ed W. Hancock, Atty. Gen. of Kentucky, Robert L. Chenoweth, Bruce K. Davis, Frankfort, Ky., for defendants-appellants in No. 73–2208.

Robert A. Sedler, Lexington, Ky., for plaintiff-appellee in No. 73–2208.

Jack Greenberg, Stanley A. Bass, New York City, for amici curiae.

Before EDWARDS, McCREE and LIVELY, Circuit Judges.

EDWARDS, Circuit Judge.

These two cases, which were consolidated for hearing, presented the same basic problems, namely, whether or not prisoners in Kentucky's penal system have a due process right to a hearing before they are transferred out of the state to continue service of their penal term in the penitentiary systems of other states, and if so, what sort of hearing is required.

The cases were heard before Judge Charles Allen in Louisville, who entered thoughtful opinions finding due process violations in defendants' denial of any hearing (absent an "emergency" situation),[1] and spelling out what defendants had to do at the due process hearing he required.

At appellate hearing counsel for the Department of Corrections agreed that some form of due process hearing was

---

1. Judge Allen found that due process required a hearing because interstate transfers might adversely affect plaintiffs' chances for parole, would make visits of family and friends more difficult, and would require complete new adjustment to a different institution.

required before such a transfer took place. Defendants' opposition to Judge Allen's order centered primarily upon his requirement of "an impartial" board and his holding that the prisoner had a right to be represented by a lay advocate and that he had the right to call and examine witnesses.

Subsequent to appellate hearing of these cases (and, of course, subsequent to Judge Allen's decision), two developments have taken place which have required our consideration. First, the attention of this court was called to the well-considered opinion of Judge Goldberg for the Fifth Circuit, sitting en banc, concerning somewhat similar cases involving prisoner complaints about disciplinary procedures. *See* Sands v. Wainwright, 491 F.2d 417 (5th Cir. 1973). In all four of the cases there concerned the Fifth Circuit held it was deprived of jurisdiction by the three-judge court requirement of 28 U.S.C. § 2281 (1970).

Since the *Sands* case had not been considered by the District Judge in our instant cases, nor briefed or argued before our panel, we required additional briefing concerning the jurisdiction of our court. Both briefs received distinguish the *Sands* case and our instant cases by pointing out that in our cases plaintiffs-appellees do not attack any state statute or any state regulation adopted by an administrative board or commission as required by 28 U.S.C. § 2281 (1970). The brief for the State of Kentucky states in this regard:

> "[P]laintiffs-appellees have challenged the constitutionality of *unwritten procedures* used in implementing a statute that is constitutional on its face. The procedures, or lack of them, complained of are not set forth in any formally adopted regulation or order. At most they represent the Kentucky Department of Corrections' informally established procedural policies with regard to interstate transfer of prisoners. The statute involved here, KRS 196.610, *does not* foreclose

the procedural safeguards which the plaintiffs-appellees requested and, in short, no state regulations speak to the subject at all. Plaintiffs-appellees' success or failure in these actions will have and have had no effect upon the present statutory framework underpinning the operations of the Kentucky Department of Corrections in this area. At the most, these two cases will have the effect of requiring the Kentucky Department of Corrections to spell out the procedures required to comport to constitutional principles. Having in view the principle that Section 2281 is to be closely construed to the end that only those cases which plainly fall in the class therein described be referred to three-judge courts, we respectfully state that informally adopted procedural policies and practices of the kind involved in these two cases at bar concerning interstate transfer of prisoners, although applied statewide, are not embraced within Section 2281, and that however substantial the federal questions in these two cases at bar may be, a district court of three judges, pursuant to 28 U.S.C. § 2281, would not have jurisdiction to consider these claims." (Emphasis in original.)

■ On the facts in this case, we conclude that the District Judge had jurisdiction (as opposed to any three-judge court requirement) and that as a consequence, we do. 28 U.S.C. § 2281 (1970) provides:

> "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and deter-

mined by a district court of three judges under section 2284 of this title." *Id.*

Clearly in our cases plaintiffs-appellees do not attack "any State statute" or any "order made by an administrative board or commission acting under State statutes." Indeed, the unwritten and informal administrative policies herein involved do not even appear to be of statewide application, since they appear to affect only two of seven institutions. These facts serve to distinguish our cases from those involved in Sands v. Wainwright, *supra.*

Strongly influencing our decision in this regard is the description of the three-judge court statute set forth in Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941), wherein the Supreme Court termed this measure "an enactment technical in the strict sense of the term *and to be applied as such*." (Emphasis added). *See also* Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1940).

We also note the footnote in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), states: "Since no statewide regulation was involved [in the *Wolff* case] there was no need to convene a three-judge court. *See* Board of Regents v. New Left Education Project, 404 U.S. 541, [92 S.Ct. 652, 30 L.Ed. 2d 697] (1972)." Wolff v. McDonnell, *supra* at 542 n. 1, 94 S.Ct. at 2968. Additionally we note that a case of recent date involving very similar facts to those of our instant cases, Gomes v. Travisono, 490 F.2d 1209 (1st Cir. 1974), has now been remanded to the First Circuit "for further consideration in light of Wolff v. McDonnell, 418 U.S. 539 [94 S.Ct. 2963, 41 L.Ed.2d 935] (1974)," Travisono v. Gomes, 418 U.S. 909, 94 S.Ct. 3200, 3201, 41 L.Ed.2d 1155 (1974)—a disposition which clearly assumes that the district and appellate courts had jurisdiction.

■ The decision of Wolff v. McDonnell is, of course, the second significant development since the District Judge decided our instant cases. In *Wolff* the majority of the Supreme Court has not only decided that due process required a hearing on serious disciplinary proceedings in prison, but has spelled out the limited nature of such a hearing. It is clear that the District Judge has found that Kentucky was employing interstate transfers for such serious disciplinary matters.

Since the District Judge had no opportunity to phrase his orders pertaining to the nature of the hearing required in accordance with the *Wolff* standards, we now vacate that portion of his order and remand these cases to that court for reconsideration in the light of Wolff v. McDonnell, *supra.*

 We also require that he amend his order pertaining to the return of prisoners for purposes of court proceedings to limit such mandatory returns to instances wherein a court has entered an order for the prisoner's return.

In other respects the judgment of the District Court is affirmed.