Earl E. **NICKENS**, Appellant,

v.

Carl **WHITE** et al., Appellees.

No. 75–1929.

United States Court of Appeals, Eighth Circuit.

Submitted May 24, 1976.

Decided June 18, 1976.

Earl E. Nickens, pro se.

John C. Danforth, Atty. Gen., and Robert M. Sommers, Asst. Atty. Gen., Jefferson City, Mo., filed appellees' brief.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Earl E. Nickens, an inmate at the Missouri Training Center for Men at Moberly, Missouri, brought this action pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his constitutional rights. Specifically, he complained that the confiscation by the defendants[1] of a catalogue of office supplies, which he had requested from Keller's Office Supplies in Moberly and which had been mailed to him at the institution, (1) deprived him of property without due process of law, (2) deprived him of adequate and meaningful access to the courts, and (3) deprived him of his First Amendment rights. The District Court sustained the defendants' motion to dismiss, holding that Nickens had failed to state a claim for which relief could be granted. From that order, Nickens appeals.

We are enjoined to view civil right pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Anderson v. Sixth Judicial District Court*, 521 F.2d 420 (8th Cir. 1975). Such pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law. *See Anderson v. Sixth Judicial District Court, supra; Ellingburg v. King*, 490 F.2d 1270, 1271 (8th Cir. 1974). Many of the allegations of patterns and practices set forth in the complaint are broad and conclusory. We are concerned only with the specific allegation that the particular office supplies catalogue was confiscated by the defendants.

The deprivation of property as well as injury to the person may be the basis for a civil rights action. *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Carter v. Estelle*, 519 F.2d 1136 (5th Cir. 1975). We think, however, that the property interests involved in the catalogue as pleaded are so *de minimis* that the confiscation in the one instance pleaded does not constitute such a taking of property that due process rights are implicated. *Cf. Fuentes v. Shevin*, 407 U.S. 67, 90 n.21, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Pitts v. Griffin*, 518 F.2d 72 (8th Cir. 1975).

Appellant's allegation that the seizure of the catalogue has interfered with his access to the courts is without factual basis. The mere deprivation of an office supply catalogue cannot be said to deprive an inmate of an adequate opportunity for access to the courts, and his contention is without merit. *Cf. Noorlander v. Ciccone*, 489 F.2d 642, 650 (8th Cir. 1973).

---

[1]. The defendants in this action are the warden, associate wardens, mailroom supervisor, and other officials of the Training Center.

The disposition of the appellant's First Amendment claim, however, presents special problems. A very recent opinion of the Supreme Court has rejected the distinction advanced in earlier decisions between expressive speech and commercial speech, such as the supply catalogue in question, and holds that both are entitled to the protection of the First Amendment. *See Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* —— U.S. ——, 96 S.Ct. 1817, 48 L.Ed.2d 346, 44 U.S.L.W. 4686 (U.S. May 24, 1976). The Court, however, stopped short of holding that commercial speech could never be regulated in any manner. *Id.* at ——, 96 S.Ct. at 1829, 44 U.S.L.W. at 4692.

■ We turn then for guidance to *Procunier v. Martinez,* 416 U.S. 396, 414, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), which condemns systematic and arbitrary confiscation of mail matter without standards which are reasonably related to legitimate governmental interests. Prisoners enjoy First Amendment protection as well as the protections of the due process clause. *Wolff v. McDonnell,* 418 U.S. 539, 555–56, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ We cannot.say from this record that the appellant could prove no set of facts which would entitle him to relief thereunder. *Haines v. Kerner, supra,* 404 U.S. at 520–21, 92 S.Ct. 594. *See also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It may well be that upon a more fully developed record the claims of the appellant will not withstand a motion for summary judgment under Fed. R.Civ.P. 56; but at this stage, and especially in light of *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc., supra,* dismissal based upon the *pro se* pleadings alone is premature.

On remand, the District Court should also liberally afford the appellant an opportunity to amend his complaint to allege facts which will cure the defects in his due process claims, failing which, they should be rejected.

Reversed and remanded for further proceedings consistent with this opinion.

LAY, Circuit Judge (concurring).

I concur. However, I construe the *pro se* petition as attacking the institution's "practices, acts and policies" relating to prisoner mail. Allegedly that policy results in arbitrary interference with the mails as exemplified by the withholding of the supply catalogue from the petitioner. A neutral regulation if properly implemented by prison authorities would obviate such arbitrary action and could avoid needless prisoner litigation. *See Procunier v. Martinez,* 416 U.S. 396, 414, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).