762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK DAVID LEE PETERSON, SR., PLAINTIFF-APPELLANT,
v.
BILLY MCWHETHER, WARDEN; JIMMY HARRIS, ASSOCIATE WARDEN, WM.
LEECH, JR., ATTORNEY GENERAL FOR TENNESSEE, U.S.
POSTAL SERVICE, DEFENDANTS-APPELLEES.
 NO. 84-5792
 United States Court of Appeals, Sixth Circuit.
 3/18/85
 
 ORDER
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant appeals from the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 complaint for failure to state a claim. The appellant is an inmate at Lake County prison in Tennessee. He contends that his rights to freedom of speech and access to the courts have been violated by the delay of two certified letters sent on April 2, 1984. Additionally, he alleges that he did not receive a receipt for one of the letters. In viewing the district court's order, it is not clear if this action was dismissed pursuant to 28 U.S.C. Sec. 1915(d). The court, however, granted appellant in forma pauperis status and dismissed the case as patently frivolous.
 
 
 3
 It appears dismissal under 28 U.S.C. Sec. 1915(d) was warranted. Although pro se complaints are to be construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), they must set forth a cognizable federal claim. Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976). Particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action under the civil rights act. Cohen v. Illinois Institute of Technology, 581 F.2d 658, 663 (7th Cir. 1978). The appellant's allegations do not establish a causual link between the appellees and the claimed constitutional deprivation, and therefore, he has not stated a cause of action. See Fitzke v. Shappell, 468 F.2d 1072 (6th Cir. 1972); Craig v. Carson, 449 F.Supp. 385 (M.D. Fla. 1978).
 
 
 4
 Accordingly, it is ORDERED that the judgment of the district court be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.