772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
U.S. AGENT LT. KENNETH M. PETERSON CIA--0018 UNDER COVER
AGENT, PLAINTIFF-APPELLANT,
v.
OTIE JONES, WARDEN, AND MR. HAMBY, WARDEN OF SECURITY,
DEFENDANTS-APPELLEES.
 NOS. 85-5444, 85-5521
 United States Court of Appeals, Sixth Circuit.
 8/30/85
 
 E.D.Tenn.
 DISMISSED IN PART AND AFFIRMED IN PART
 ORDER
 BEFORE: MERRITT and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion to remand. These appeals have been consolidated and are referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's informal brief, and the motion to remand, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Kenneth Peterson takes these appeals from two separate orders entered in his 42 U.S.C. Sec. 1983 civil rights action. Appeal number 85-5444 is an interlocutory appeal from an order of the district court requiring the appellant to amend his complaint within twenty days or face dismissal. Case number 85-5521 is an appeal from the subsequent dismissal of the Sec. 1983 action for failure to properly amend the complaint. The appellant is a prisoner at Morgan County Regional Correctional Facility, Wartburg, Tennessee, and has evidently been put in some type of segregation. In his complaint and amended complaint, he contends that his rights as a United States government employee, a CIA agent, are being violated by the segregation. He argues that the segretation is a result of the appellees' communist administrative investigation of the appellant's claims of being an undercover CIA agent. The issue on appeal is whether the district court properly dismissed the appellant's action for failure to state a claim.
 
 
 3
 Initially, the appeal in case number 85-5444 is not properly before this Court. It is taken from the order requiring amendment of the complaint. Such an order is not a final appealable order. Azar v. Conley, 480 F.2d 220 (6th Cir. 1973); Elfenbein v. Gulf and Western Industries, Inc., 590 F.2d 445 (2nd Cir. 1978).
 
 
 4
 The appellant has also argued that the district court prematurely dismissed the action. Specifically, he contends that the case was dismissed prior to the twenty days provided for in the May 9, 1985 order. In that order, the court directed that an amended complaint be filed within twenty days. An amended complaint was filed prior to the deadline. There was no indication that the appellant would submit any further pleadings on his action. The district court then considered the amended complaint and found that the appellant had failed to state a claim. The correct procedure was utilized in dismissing the action. See Morrison v. Tomano, 755 F.2d 515 (6th Cir. 1985).
 
 
 5
 Finally, the district court properly dismissed the action for failure to state a claim. To allege a cause of action under Sec. 1983, one must set forth a cognizable federal claim. Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976). Some particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action under the civil rights act. Cohen v. Illinois Institute of Technology, 581 F.2d 658, 663 (7th Cir. 1978); Rodes v. Municipal Authority of Borough of Milford, 409 F.2d 16 (3rd Cir. 1969). It is possible that the appellant's segregation could give rise to a cause of action under Sec. 1983. See Hewitt v. Helms, 459 U.S. 460 (1983). An independent review, however, of the appellant's complaint and amended complaint reveals that he has not stated a claim. Basically, he contends that his rights as a CIA agent are being violated by the alleged segregation. There is no allegation of fact which would give rise to a constitutional violation. Consequently, the district court was warranted in dismissing the action.
 
 
 6
 Accordingly, it is ORDERED that _____ the appeal in case number 85-5444 is dismissed as premature. In addition, the judgment of the district court in case 85-5521 is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.