779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD L. HARLEY, Plaintiff-Appellant,
v.
PAUL BARRY AND DALE E. FOLTZ, Defendants-Appellees.
 83-1849
 United States Court of Appeals, Sixth Circuit.
 10/31/85
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: ENGEL, KENNEDY and KRUPANSKY, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the appellant's brief, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Richard L. Harley brings this appeal from the dismissal of his prisoner civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The issue on appeal is whether the district court correctly dismissed the action as being frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 The appellant is incarcerated in a Michigan state prison, serving a sentence for his conviction of third degree criminal sexual conduct. On July 8, 1983, the appellant was removed from the state prison and taken to the custody of the appellee sheriff. On August 10, 1983, he was taken from the county jail back to the state prison at Jackson, Michigan. He transferring him to an already was done without a proper mittimus, thereby violating his rights to due process. In addition, he claims that transferring him to an already overcrowded prison constituted cruel and unusual punishment.
 
 
 4
 The district court held that neither the allegation concerning the transportation to the prison nor the conclusory allegation concerning cruel and unusual punishment state a constitutional claim. On appeal, the appellant claims that the district court acted prematurely in dismissing the claims.
 
 
 5
 Although the district court has broad discretion to dismiss a complaint as frivolous under Sec. 1915(d), this Court must independently examine the claim to determine whether it is frivolous; pro se complaints are to be liberally construed in favor of the plaintiff. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). An action is frivolous under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Id. at 261. The standard for dismissal under 28 U.S.C. Sec. 1915(d) is identical to that of Rule 12(b)(6), Federal Rules of Civil Procedure. Id. at 261. In reviewing the motion for dismissal for failure to state a claim, the Court may consider only those facts and allegations set forth in the complaint and must view them in light most favorable to the plaintiff. Sims v. Mercy Hospital of Monroe, 451 F.2d 171 (6th Cir. 1971).
 
 
 6
 Process is not an end in itself; its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. Olim v. Wakinekona, 461 U.S. 238, 250 (1983). As shown in Olim, no due process interest attaches to a prison transfer situation unless the state has limited the discretion of the governing authority. In Michigan, no due process rights attach in a transfer situation unless the transfer results in a loss of attained privilege. DeWalt v. Warden, Marquette Prison, 315 N.W.2d 584 (Mich. Ct. App. 1982); See Stone v. Egeler, 377 F.Supp. 115 (W.D. Mich. 1973), modified on other grounds, 506 F.2d 287 (6th Cir. 1974). The appellant does not claim a loss of privilege in the transfer. Accordingly, he has not stated a cause of action.
 
 
 7
 Although pro se complaints are to be construed liberally, a civil rights complaint must set forth some particularized facts which set forth a cognizable federal claim. Nickens v. White, 536 F.2d 802 (8th Cir. 1976). Appellant's conclusory allegations concerning overcrowding and cruel and unusual punishment are insufficient to set forth a claim under Sec. 1983.
 
 
 8
 Accordingly, the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.