812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. THOMPSON, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY; William E. McAnulty, Judge; and
Harold G. Wren, Defendants-Appellees.
 No. 86-5765.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1987.
 
 Before JONES and GUY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of plaintiff's motion for leave to proceed in forma pauperis, briefs of the parties and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff initiated a civil rights action in the district court against the Commonwealth of Kentucky, Judge William E. McAnulty and Harold G. Wren. He alleges that the defendants conspired to keep a decision of Division Eight of the Jefferson County Circuit Court from being sent to him and that failure to receive the decision deprived him of his right to appeal. The district court found that suit against the Commonwealth of Kentucky was barred by the Eleventh Amendment to the Constitution, that Judge McAnulty was entitled to judicial immunity, and that the plaintiff failed to allege that Wren acted under color of state law and deprived him of his rights, privileges or immunities secured by the Constitution or laws of the United States. The district court dismissed the complaint for failure to state a claim on which relief could be granted. Plaintiff appealed.
 
 
 3
 From a review of the record, it does not appear that the district court erred in dismissing plaintiff's civil rights action. Although pro se complaints are to be construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), they still must set forth a cognizable federal claim. Nickens v. White, 536 F.2d 802 (8th Cir.1976). Conclusory allegations such as those stated in plaintiff's complaint are insufficient to state a cause of action under 42 U.S.C. Sec. 1983. Smith v. Rose, 760 F.2d 102 (6th Cir.1985).
 
 
 4
 It is ORDERED that the judgment of the district court be affirmed for the reasons stated in the district court's decision. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 5
 It is further ORDERED that the motion for leave to proceed in forma pauperis be denied.