# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4016

_____

| | | |
|---|---|---|
| Yolanda Bediako, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Stein Mart, Inc. a Florida Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  September 12, 2003

Filed:  January 13, 2004

_____

Before SMITH, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

SMITH, Circuit Judge.

Yolanda Bediako appeals the district court's[1] final order granting summary judgment in favor of Stein Mart, Inc. (hereinafter "Stein Mart") on Bediako's claim alleging racial discrimination depriving her of the full and equal benefit of all laws in violation of 42 U.S.C. § 1981. For reversal, Bediako argues that the district court erred in dismissing her claim on grounds that she failed to state a claim under the Full-and-Equal Benefit clause. We disagree and affirm.

---

[1] The Honorable H. Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

## I. *Background*

On August 31, 1999, at approximately 8:30 p.m., Bediako, who is African-American, was shopping at a Stein Mart store in Kansas City, Missouri. After selecting items to purchase, Bediako went to the cashier's counter intending to pay for her purchases with a credit card. While at the counter, Bediako looked through her fanny pack for her credit card, but she was unable to locate it. After a few more minutes of unsuccessful searching, Bediako emptied the contents of her fanny pack, which included a pocket knife, onto the counter. Once Bediako's fanny pack was emptied, she noticed that her car keys were missing.

Bediako informed the cashier that she thought she had dropped her keys in the store. At that time, the assistant store manager backed away from the counter and went to a telephone, made a call, and was overheard to say that there was a black woman in the store with a weapon and that she would not leave. At this time, Bediako and her child were forced to leave the store.

As Bediako was attempting to reenter the store to look for her keys, she saw a male employee walking into the store and she asked him if he would mind running back and seeing if Bediako had dropped her keys in the aisle. Stein Mart's assistant store manager stopped the conversation and told the employee, "Don't go! She's up to no good." When Bediako reached the door of the store, she tapped on the glass and asked the assistant store manager what she was talking about. The assistant manager said, "You just want to stay in the store after closing. You just want to rob us. I know your type. The store is closed, you need to get out."

Stein Mart's assistant store manager then started backing up toward the door and said, "I am calling the police, you need to get out, we are closed." When Bediako asked the assistant store manager if she could use a telephone to call for help, the assistant store manager opened the door and told Bediako to leave the property. Bediako had neither car keys nor a phone to call for help.

As Bediako walked through the mall-parking lot looking for her keys, she observed the assistant store manager open the front door to let two employees out. The assistant store manager screamed to the employees from the store's doors, "Run, run, go, go, run, don't talk to her." When the two employees stopped to speak to Bediako, the assistant store manager yelled at them, "You are going to get us all killed."

Thereafter, two Kansas City police officers arrived and found Bediako, and her baby, sitting on an island in the parking lot. The officers asked Bediako what had transpired, and she informed them that she needed her keys out of the store. Around this same time, Bediako's husband arrived. An officer and Bediako's husband were permitted inside to search for Bediako's keys. They were escorted by one of Stein Mart's employees. After the keys were located inside Stein Mart, the officer and Bediako's husband were escorted outside the door. The store manager apologized for the confusion and said that she was now worried about having to explain to the corporate office why they were closing late.

Based upon these alleged events, Bediako brought the present action in district court against Stein Mart on August 31, 2001. The complaint specifically alleged that Bediako was deprived of the full and equal benefit of laws as enjoyed by Caucasian citizens in violation of 42 U.S.C. § 1981.[2]

In particular, the complaint alleged Stein Mart, through its employees and agent and especially the assistant store manager, verbally and publicly abused Bediako in an unreasonable manner, because of her race. The complaint further alleged that Stein

---

[2] In addition to asserting a claim under 42 U.S.C. § 1981, the complaint also purported to raise both false imprisonment and defamation tort claims, which are not at issue in the present appeal.

Mart would not have treated and does not treat Caucasian customers in the same manner.

The complaint additionally alleged that Bediako sustained damages as a direct and proximate result of Stein Mart's actions. Specifically, that she suffered injuries including inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, and emotional pain and suffering. According to the complaint, Stein Mart's actions were willful, wanton, reckless, and malicious, and a complete and deliberate indifference to Bediako's rights. Bediako also sought actual damages, attorney's fees, nominal damages, and exemplary or punitive damages to deter Stein Mart and other companies from like conduct in the future.

On July 18, 2002, Stein Mart moved for summary judgment, and the district court granted its motion. The district court reasoned that a claim under § 1981 could be brought with respect to either its Right-to-Contract clause or its Full-and-Equal Benefit clause. The court stated that Bediako clearly identified her claim as arising under the Full-and-Equal Benefit clause. The court noted that a claim under the Full-and-Equal Benefit clause of 42 U.S.C. § 1981 requires a showing of state action.[3] The district court concluded that Stein Mart was not a state actor, therefore it was entitled to judgment as a matter of law. Thereafter, judgment was entered for Stein Mart by order dated October 29, 2002. This appeal followed.

## II. *Discussion*

A district court's decision to grant summary judgment is reviewed de novo. *Do v. Wal-Mart Stores,* 162 F.3d 1010, 1012 (8th Cir. 1998). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is

---

[3] Under the Full-and-Equal Benefit clause, Bediako had to allege that some sort of state action contributed to her being discriminated against. *Youngblood v. Hy-Vee Food Stores*, 266 F.3d 851, 855 (8th Cir. 2001).

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmovant, and will affirm the grant of summary judgment when we determine that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. *E.g., Dodd v. Runyon*, 114 F.3d 726, 729 (8th Cir. 1997); *McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 510 (8th Cir. 1995); and Fed. R. Civ. P. 56(c). We determine if there is a genuine issue of fact based upon the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and that the moving party is entitled to judgment as a matter of law. *McLaughlin*, 50 F.3d at 510. Summary judgment is required when, after adequate time for discovery and upon motion, the nonmovant party fails to sufficiently establish the existence of an element essential to its claim.

## A.

Bediako argues that the district court erred in granting summary judgment for Stein Mart because there are genuine issues of material fact precluding judgment as a matter of law. Bediako urges us to liberally construe her complaint to include a claim alleging a violation of her Right-to-Contract. The complaint specifically alleged that Bediako was deprived of the full and equal benefit of laws as enjoyed by Caucasian citizens in violation of 42 U.S.C. § 1981.[4] Bediako now argues that she also has a Right-to-Contract claim under § 1981. In particular, Bediako contends that

---

[4] Title 42 U.S.C. §1981(a) provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The district court specifically noted that Bediako was relying on the Full-and-Equal Benefit clause of § 1981, not the Right-to-Contract clause.

the district court erred in failing to find that, when viewed in its entirety, her complaint raises both a Full-and-Equal Benefit claim and a Right-to-Contract claim.

We have carefully reviewed Bediako's argument and the record on appeal. We find her argument to be unpersuasive. To establish a prima facie case of discrimination under § 1981, Bediako must show: (1) that she is a member of a protected class; (2) that Stein Mart intended to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981. *Hampton v. Dillard Department Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001). Section 1981 provides that all persons shall have the same right to "make and enforce contracts" and the right to "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). In civil rights actions, pleadings are to be liberally construed. *Davis v. Hall,* 992 F.2d 151, 152 (8th Cir. 1993). Even though civil-rights pleadings are viewed liberally, "[s]uch pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, *states a claim* as a matter of law." *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976) (emphasis added).

In the present case, Bediako failed to state a Right-to-Contract claim under § 1981 in her initial complaint or in any of her subsequent pleadings. In *Nickens*, a case relied on by Bediako, an inmate alleged that the state violated his § 1983 rights. 536 F.2d at 803. Specifically, the inmate complained that the Missouri Training Center for Men had deprived him of property without due process. Because of the necessity of liberal construction of a civil-rights pleading, we remanded the case to the district court with instructions to allow the inmate to amend his complaint to allege facts which would cure the defects in his due-process claim. *Id.* at 804.

Contrary to Bediako's contention, *Nickens* does not require a court, in fulfilling its duty to liberally construe a civil-rights pleading, to divine the litigant's intent and

create claims that are not clearly raised. In *Nickens,* we did not hold that the district court must read or construct an argument into a civil-rights pleading.

Here, Bediako filed her initial complaint on August 31, 2001, alleging a violation of her full and equal benefit rights under § 1981. Stein Mart filed a motion to dismiss Bediako's additional claims, including her false imprisonment and defamation *per se* claims. Bediako failed to raise her "contract" claim under §1981 at that time. Almost eight months later, the district court sustained Stein Mart's motion to dismiss Bediako's defamation and false imprisonment claims leaving only her 42 U.S.C. § 1981 equal benefit claim. That same day, Bediako filed a motion for leave to file a first amended complaint in order to add an additional party defendant, and to amend the allegations set forth in Count II and Count III in response to Stein Mart's motion to dismiss. On March 30, 2002, the court held that Bediako's motion to add an additional defendant and amend her complaint was moot. Again, Bediako failed to raise her contract claim.

On July 18, 2002, Stein Mart filed a motion for summary judgment for failure to state a claim under the Full-and-Equal Benefit clause. The language of Bediako's complaint expressly alleged that Stein Mart "deprived Bediako of the full and equal benefit of all laws and proceedings for the security of person and property as are enjoyed by Caucasian citizens, in violation of 42 U.S.C. § 1981."[5] On September 20, 2002, one year after filing her initial complaint, Bediako *raised for the first time* in her response to this motion an additional claim under § 1981 for a violation of her right to "make and enforce" contracts. Bediako urged that her complaint implicated the "contract" clause language of § 1981, thereby raising both a "contract" and an "equal benefit" claim. The court granted Stein Mart's motion for summary judgment on October 29, 2002.

---

[5] Appellant's Appendix, p. 4

This court has highlighted the distinction between Right-to-Contract and Full-and-Equal Benefit claims under § 1981. *Adams v. Boy Scouts of American-Chickasaw Council*, 271 F.3d 769, 777 (8th Cir. 2001). In the present case, Bediako's response to the motion for summary judgment amounted to an attempt to amend her initial complaint and raise an additional claim. The district court determined that plaintiff had not pled a Right-to-Contract claim and stated that the time for amendment of pleadings had passed.

Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 907–908 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)). Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). "There is no absolute right to amend." *Id.* (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir.1994)).

We find that the district court did not abuse its discretion in denying Bediako leave to file an amended complaint. Bediako did not plead a Right-to-Contract claim in her original complaint or in her amended complaint; nor was her Right-to-Contract claim so related to the pleaded Full-and-Equal Benefit claim that Stein Mart would have been placed on notice that Bediako was pursuing such a claim. "[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion due to the prejudice involved." *Bell*, 160 F.3d at 454. Bediako first raised her Right-to-Contract claim after discovery had closed and Stein Mart had moved for summary judgment on the pleaded claims. Given the advanced stage of the litigation process, the district court's decision denying Bediako's new legal theory was within its broad discretion.

-8-

### B.

Although Bediako failed to raise a timely Right-to-Contract claim, we must review the record to determine whether a genuine issue remains that state action caused Bediako to be denied the full and equal benefit of the law as alleged in her complaint. *Youngblood*, 266 F.3d at 855.

There simply is no evidence in the present case that the government situated itself in a position of interdependence with Stein Mart or was so connected with the actions of the assistant store manager and employees, that the conduct in question may be attributed to the state. Because Stein Mart was not acting under color of state law, Bediako's claim against Stein Mart under § 1981 fails as a matter of law. *Youngblood*, 266 F.3d at 855.

For the reasons stated, we affirm the district court's dismissal on summary judgment of Bediako's 42 U.S.C. § 1981 Full-and-Equal Benefit claim.

### III. *Conclusion*

We affirm the judgment of the district court.

_____