# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2453

_____

Ralph E. McCarthy,                           *
                                             *
              Appellant,                     *
                                             *   Appeal from the United States
       v.                                    *   District Court for the
                                             *   Western District of Missouri.
Beal Bank, SSB; Missouri Capital             *
Mortgage; John Vacey, doing business         *
as Missouri Capital Mortgage;                *   [UNPUBLISHED]
Springfield Title Company; Trustee           *
Does, 1 to 10,                               *
                                             *
              Appellees.                     *

_____

Submitted: August 4, 2006
     Filed: August 11, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ralph McCarthy appeals from the district court's[1] adverse judgment on his claims arising out of the foreclosure of real property he used to secure a defaulted bank loan. Upon careful review of the issues raised on appeal, we affirm.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

First, we hold that the district court did not err in instructing the jury not to consider evidence regarding issues McCarthy was foreclosed from raising due to his failure to exhaust administrative remedies. See Tri-State Hotels, Inc. v. FDIC, 79 F.3d 707, 712 (8th Cir. 1996) (judicial review of claims governed by Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) is contingent on completion of administrative process); Am. First Fed., Inc. v. Lake Forest Park, Inc., 198 F.3d 1259, 1263 n.3 (11th Cir. 1999) (holder of note purchased from Resolution Trust Corp. (RTC) stands in shoes of RTC and acquires RTC's protected status under FIRREA; thus, if maker of note was barred from asserting claim against RTC, it is similarly barred from asserting claim against note holder). Second, we hold that the district court did not abuse its discretion in denying McCarthy's motion to amend his complaint. See United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) (abuse-of-discretion standard; futility is valid basis for denying leave to amend complaint); Bediako v. Stein Mart, Inc., 354 F.3d 835, 841 (8th Cir. 2004) (district court did not abuse its broad discretion in denying plaintiff's motion for leave to amend complaint where litigation process was already in advanced stage and plaintiff sought to add theories not presented in original complaint). Finally, we conclude that the district court did not abuse its discretion in excluding as a trial exhibit an agreement McCarthy concedes was negotiated in an effort to settle his claim. See Fed. R. Evid. 408 (as general rule, evidence of offer of valuable consideration to compromise claim is not admissible to prove liability for claim or its amount; evidence of statements made in compromise negotiations likewise not admissible); Kraft v. St. John Lutheran Church, 414 F.3d 943, 947 (8th Cir. 2005) (review for abuse of discretion). While McCarthy now contends that the agreement was "offered to show a Redemption agreement," he has failed to show that he ever presented such an argument to the district court.

The judgment is affirmed. See 8th Cir. R. 47B.

_____