# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1280

_____

Floyd G. Elmore, Kansas City, Jackson County, Missouri

*Plaintiff - Appellant*

v.

Harbor Freight Tools USA, Inc., doing business as Harbor Freight Tools

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 15, 2016
Filed: December 23, 2016

_____

Before RILEY, Chief Judge, WOLLMAN and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Floyd Elmore brought suit against Harbor Freight Tools USA, Inc. after a Harbor Freight manager accused Elmore of stealing from the store earlier in the day. Elmore filed suit in federal district court, alleging federal claims under 42 U.S.C. § 1981 and state law negligence claims. The district court[1] dismissed Elmore's

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the

§ 1981 claim for failure to plead state action as required under <u>Youngblood v. Hy-Vee Food Stores, Inc.</u>, 266 F.3d 851 (8th Cir. 2001), and, declining to exercise supplemental jurisdiction, dismissed Elmore's state law negligence claims without prejudice. Because we conclude Elmore was required to allege state action as part of his § 1981 claim and the district court did not abuse its discretion in declining to extend supplemental jurisdiction to Elmore's state law negligence claims, we affirm.

## I.     BACKGROUND

Elmore, an African American, visited his local Harbor Freight hardware store in Independence, Missouri, on May 9, 2015, at approximately 8:30 p.m. As he was exiting the store, after choosing not to make a purchase, a female store manager stated: "I'm watching you. I caught you stealing here earlier today and told you not to come back any more." Elmore responded he had not stolen from the store, or even been at the store earlier that day, and the manager said she would call the police. The manager's male companion was also present and yelled at Elmore. After the manager called the police, Elmore left the store to pick up his wife.

Elmore and his wife returned to the store and took photographs of the manager's male companion making an obscene gesture in their direction. Once the police arrived, they questioned Elmore about the incident and ultimately told him "it was a civil matter" and that Elmore should leave. Elmore left the premises and later called Harbor Freight's district manager to inform him of the event. The district manager told Elmore the incident "made [him] sick."

Elmore filed suit against Harbor Freight, claiming federal question jurisdiction under 28 U.S.C. §§ 1343 and 1331 and supplemental jurisdiction over state law negligence claims under 28 U.S.C. § 1367. Elmore's complaint included a claim under § 1981 alleging "[t]he actions of Harbor Freight's agents and employees

---

Western District of Missouri.

against Plaintiff Elmore on the basis of his race interfered with Elmore's right to the full and equal benefit of the law." Elmore also included two state law negligence claims, alleging Harbor Freight negligently failed to train and supervise its employees to prevent them "from wrongfully engaging in racially discriminatory practices."

Harbor Freight moved to dismiss Elmore's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 30, 2015, the district court granted Harbor Freight's motion and dismissed Elmore's complaint in its entirety. Elmore appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.   DISCUSSION
### A.   Standard of Review

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo and take the facts alleged in the complaint to be true. See Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### B.   Section 1981 Claim

To state a claim under § 1981, a plaintiff must plead: "(1) that [the plaintiff] is a member of a protected class; (2) that [the defendant] intended to discriminate on the basis of race; and (3) that the discrimination on the basis of race interfered with a protected activity as defined in § 1981." Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). One such protected activity is the enjoyment of "the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). "'Because the state is the sole source of the law, it is only the state that can deny the full and equal benefit of the law.'" Youngblood, 266 F.3d at

855 (quoting Chapman v. Higbee Co., 256 F.3d 416, 421 (6th Cir. 2001), rev'd en banc, 319 F.3d 825 (6th Cir. 2003), citing Mahone v. Waddle, 564 F.2d 1018, 1029 (3d Cir. 1977)).  Therefore, only state action can give rise to a cause of action under the full-and-equal-benefit clause.  See id.

Elmore did not plead any state action in his complaint.  We have already determined "[u]nder the Full-and-Equal Benefit clause [of 42 U.S.C. § 1981, a plaintiff must] allege that some sort of state action contributed to [the plaintiff] being discriminated against."  Bediako, 354 F.3d at 838 n.3.  Elmore argues we should overrule Youngblood's requirement of state action because the plain language of § 1981 contemplates private actors can deprive others of the full and equal benefit of the law.  Some courts have agreed with Elmore's interpretation.  See, e.g. Chapman, 319 F.3d at 830, 833; Phillip v. Univ. of Rochester, 316 F.3d 291, 295 (2d Cir. 2003); Green v. Wal-Mart Stores, Inc., No. 2:09CV00457, 2010 WL 3260000, at *4 (D. Utah Aug. 18, 2010); Hunter v. The Buckle, Inc., 488 F. Supp. 2d 1157, 1173 (D. Kan. 2007).  However, "'[i]t is a cardinal rule in [the Eighth Circuit] that one panel is bound by the decision of a prior panel.'"  United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008) (quoting Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002)).  Thus, we are bound by Youngblood's state action requirement.  See Bilello v. Kum & Go, LLC, 374 F.3d 656, 661 n.4 (8th Cir. 2004).  The district court did not err in dismissing Elmore's § 1981 claim for a failure to plead state action.

### C.    State Law Negligence Claims

Once the district court dismissed Elmore's federal claims, it declined to extend supplemental jurisdiction for his state law negligence claims.  A district court has broad discretion to decline to exercise supplemental jurisdiction over state law claims after all claims over which the district court had original jurisdiction have been dismissed.  See Crest Constr. II, Inc. v. Doe, 660 F.3d 346, 359 (8th Cir. 2011).  "In exercising its discretion, the district court should consider factors such as judicial economy, convenience, fairness, and comity."  Brown v. Mort. Elec. Registration

-4-

Sys., Inc., 738 F.3d 926, 933 (8th Cir. 2013); see also 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

The district court determined a Missouri state court should resolve state claims involving Missouri residents and that it would be more fair and convenient to allow a Missouri state court to hear these claims. Furthermore, the case was in the nascent stages. The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Elmore's state law claims once the district court dismissed the claim over which it had original jurisdiction. See Clark v. Iowa State Univ., 643 F.3d 643, 645 (8th Cir. 2011).

## III.    CONCLUSION
We affirm.

_____