# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4460

_____

James Neuman

*Plaintiff - Appellant*

v.

State of Iowa; Black Hawk County, Iowa; Black Hawk County Courthouse; Black Hawk County Attorney Office; City of Evansdale, Iowa; M. Kellyann Lekar, Chief Judge, Black Hawk County; Joel A. Dalrymple, Judge, Black Hawk County; Joseph M. Moothart, Judge, Black Hawk County; Nathan Callahan, Judge, Black Hawk County; Thomas Ferguson, District Attorney, Black Hawk County; Emily Zerkel, Black Hawk County Attorney; Brian Williams, Black Hawk County Attorney; Jeremy Westendorf, Black Hawk County Attorney; Roberts, Stevens, Prendergast & Guthrie, PPLC; Carter J. Stevens, Attorney, in his professional and individual capacities; Carolyn Inman, Paralegal, in her professional and individual capacities; Cassidy Dietz, Evandsdale Police Officer, in his professional and individual capacities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: November 2, 2017
Filed: November 13, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

PER CURIAM.

Iowa resident James Neuman appeals the district court's[1] dismissal of his pro se complaint, in which he alleged numerous irregularities arising out of his February 2014 arrest on suspicion of operating a vehicle while intoxicated, and the subsequent court proceedings. Upon careful de novo review, we conclude that dismissal was proper because the district court lacked jurisdiction under the Rooker-Feldman doctrine,[2] see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc., 487 F.3d 1154, 1156 (8th Cir. 2007) (standard of review); and, in any event, Neuman failed to state a claim against the named defendants, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review). We also conclude that the court did not abuse its discretion in declining to exercise supplemental jurisdiction over numerous state-law claims. See 28 U.S.C. § 1367; Elmore v. Harbor Brand Freight Tools USA, Inc., 844 F.3d 764, 767 (8th Cir. 2016) (standard of review), cert. denied, 2017 WL 2869943 (U.S. Oct. 10, 2017) (No. 17-22).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).